IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| CAMILO RAMIREZ, § | | CIVIL ACTION NO. |
| PLAINTIFF, § | | |
| § | | |
| v. § | | 4:21-CV-00070 |
| § | | |
| PLAINS ALL AMERICAN GP LLC, § | | |
| DEFENDANT. § | | JURY DEMANDED |

PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**Plaintiff Camilo Ramirez ("Plaintiff")** files this Complaint and would respectfully show that **Defendant Plains All American GP LLC ("Defendant")** discriminated against him on the basis of age and national origin when they fired him, a 64-year-old Hispanic crude oil hauler/driver with 24 years of service.

PARTIES

1. Plaintiff is an individual who currently resides in Winkler County, Texas.

2. Defendant is a is a foreign limited liability company incorporated in Delaware with its principal place of business located in Houston, Texas. Defendant may be served with process through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §

2000e-5(f)(3), the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), and/or Chapter 21 of the Texas Labor Code.

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims which are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

5. Venue is proper in the Pecos Division of the U.S. District Court for the Western District of Texas pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), because the unlawful practices alleged below were committed therein.

6. Venue is also proper in the Pecos Division of the U.S. District Court for the Western District of Texas pursuant to the general venue provision, 42 U.S.C. § 1391(b).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff received a Notice of Right to Sue (RTS Notice) from the EEOC on or about May 26, 2021. Plaintiff filed this suit within ninety (90) days. A true and correct copy of the RTS Notice is attached as Exhibit A.

## CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

## FACTS

9. Employers must have a workplace that is free from discrimination and harassment on the basis of protected characteristics including national origin and age.

10. Employers must prevent discrimination against employees to protect employees from financial injuries and emotional trauma.

11. Defendant is an Employer.

12. Defendant must prevent discrimination against employees to protect employees from financial injuries and emotional trauma.

13. Defendant must have a workplace that is free from discrimination and harassment on the basis of age.

14. Defendant must have a workplace that is free from discrimination and harassment on the basis of national origin.

15. Defendant owns and operates midstream energy infrastructure and provides logistics services for crude oil, natural gas liquids, and natural gas. It owns an extensive network of pipeline transportation, terminal, storage, and gathering assets in key crude oil and natural gas liquid producing basins and transportation corridors and at major market hubs in the United States and Canada.

16. Defendant employs over 3,500 employees in the United States.

17. Defendant, through a predecessor entity, hires Plaintiff as a crude oil hauler in 1998 its Pecos District.

18. Defendant rehires Plaintiff in April 2007 after he leaves briefly to go to another company.

19. Defendant employs Plaintiff for almost 24 years.

20. Defendant terminates Plaintiff's employment when the parking brake on his truck gets stuck and causes tire damage.

21. Other non-Hispanic and/or older drivers have similar, worse, and/or more infractions, and Defendant does not terminate them.

## COUNT ONE – AGE DISCRIMINATION (ADEA)

22. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

23. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA). *See* 29 U.S.C. §630(f).

24. Defendant is an employer within the meaning of the ADEA. *See* 29 U.S.C. §630(b).

25. Plaintiff is a qualified individual with at least 40 years of age as defined by the ADEA. *See* 29 U.S.C. §631(a).

26. To the extent that Defendant offers Plaintiff's performance as the reason for his termination, such reason is a pretext for discrimination. Plaintiff would not have suffered adverse employment action "but for" his age.

27. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of liquidated damages.

## COUNT TWO – AGE DISCRIMINATION
## CHAPTER 21 OF THE TEXAS LABOR CODE

28. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

29. Plaintiff is an employee within the meaning of Texas Labor Code §21.002(7) and belongs to the class of employees protected under the statute, namely employees over the age of 40. *See* Texas Labor Code §21.101.

30. Defendant is an employer within the meaning of the Texas Labor Code §21.002(8).

31. Defendant intentionally discriminated against Plaintiff because of his age in violation of the Texas Labor Code by terminating his employment.

32. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

33. Defendant's conduct was willful and justifies an award of punitive damages.

## COUNT THREE - TITLE VII-NATIONAL ORIGIN DISCRIMINATION

34. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

35. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely he is Hispanic.  *See* 42 U.S.C. §2000e-5(f).

36. Defendant is an employer within the meaning of Title VII.  *See* 42 U.S.C. §2000e(b).

37. Defendant intentionally discriminated against Plaintiff by terminating his employment because of his national origin.

38. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

39. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.  Alternatively, the reason(s) given for Plaintiff's termination, while true are only some of the reasons, and Plaintiff's national origin was a motivating factor in the decision to terminate his employment.  In other words, Defendant had mixed motives for Plaintiff's termination.

## INTERSECTIONAL DISCRIMINATION

40. Alternatively, Defendant has discriminated against Plaintiff on the basis of the combination of two protected traits, namely, Defendant discriminated against Plaintiff because he is an older Hispanic man.

## DAMAGES

41. Plaintiff was discharged from employment by Defendant. Although he has diligently sought other employment, he has been unable to find a job with comparable pay and benefits. Plaintiff suffered damage to his pension or retirement benefits. Plaintiff seeks compensation for all back pay and lost wages and benefits, including loss of social security benefits. Reinstatement to Plaintiff's previous position is impractical and unworkable. Plaintiff suffered and seeks damages for pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff is entitled to punitive damages because Defendant's actions were willful and/or deliberately indifferent to Plaintiff's federally protected rights.

## ATTORNEY'S FEES

42. Plaintiff was forced to engage counsel to protect his rights. Plaintiff is entitled to an award of attorneys' fees and costs (including but not limited to an award of reasonable expert witness fees), both trial and appellate, under the ADEA, 29 U.S.C. § 626(b), Title VII, 42 U.S.C. §2000e-5(f)(3), and/or Texas Labor Code § 21.259.

## INTEREST

43. Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## JURY TRIAL DEMAND

44. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

a. Compensatory and punitive damages;

b. Back pay and front pay;

c. Liquidated damages;

d. Attorney's fees and costs;

e. Prejudgment and post-judgment interest;

f. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

          Respectfully submitted,

          By: /s/ Holly B. Williams
              Holly B. Williams
              Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEY FOR PLAINTIFF
CAMILO RAMIREZ**

EEOC Form 161 (11/2020)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Camilo Ramirez**
408 Stanolind Rd.
Wink, TX 79789

From: **El Paso Area Office**
100 N. Stanton St.
6th Floor, Suite 600
El Paso, TX 79901

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453-2021-00229 | **Jessie E. Moreno,** Investigator | (915) 995-8844 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Elizabeth Porras (Digitally signed by Elizabeth Porras, Date: 2021.05.25 09:27:12 -06'00') for

5/26/2021

Enclosures(s)

**Ligita D. Landry,**
Area Office Director

*(Date Issued)*

cc:
**David J. Quan**
Law Office of David J. Quan
5444 Westheimer Rd., Ste. 1700
Houston, TX 77056

**Holly B. Williams**
Williams Law Firm, PC
1209 W. Texas Ave.
Midland, TX 79701