IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| CAMILO RAMIREZ, *Plaintiff*, | § § § | |
| v. | § § | PE:21-CV-00070-DC-DF |
| PLAINS ALL AMERICAN GP, LLC *Defendant*. | § § § § | |

### ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

BEFORE THE COURT is Defendant Plains All American GP, LLC's ("Defendant") Motion to Transfer Venue (hereafter, "Motion to Transfer"). (Doc. 6) This case is before the undersigned U.S. Magistrate Judge through a standing order of referral from the U.S. District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to U.S. Magistrate Judges. After due consideration, Defendant's Motion to Transfer shall be **DENIED**. (Doc. 6).

### I.   BACKGROUND

This suit's genesis is Plaintiff Camilo Ramirez's ("Plaintiff") termination from employment with Defendant. (Doc. 1). In 1998, Defendant's predecessor hired Plaintiff as a "crude oil hauler." *Id.* at 3. Plaintiff alleges that in April 2007, he briefly left the company, but was subsequently rehired by Defendant. *Id.* At some point prior to August 29, 2020, the parking brake on Plaintiff's truck became stuck, causing tire damage; Defendant terminated Plaintiff's employment soon afterwards. *Id.*; (Doc. 9-1 at 1). Plaintiff, who is Hispanic and sixty-four (64) years of age, claims that "[o]ther non-Hispanic and/or older drivers have similar, worse, and/or more infractions, and Defendant does not terminate them." (Doc. 1 at 3).

Following his termination, Plaintiff alleges he timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 2. On May 26, 2021, Plaintiff claims he received a Notice of Right to Sue from the EEOC. *Id.* On August 23, 2021, Plaintiff

brought suit, invoking the Court's federal question jurisdiction. (Doc. 1). In his Complaint, Plaintiff asserts three discrimination-based causes of action: age discrimination under the Age Discrimination in Employment Act of 1967; age discrimination pursuant to Chapter 21 of the Texas Labor Code; and national origin discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). *See id.* at 4–5.

On October 8, 2021, Defendant filed its Motion to Transfer in conjunction with its answer to Plaintiff's Complaint. (Doc. 6). Defendant argues in the Motion to Transfer that, while venue is proper in this Court, the Pecos Division of the Western District of Texas, it would be more convenient for the parties and witnesses as well as meet the interests of justice if the instant case were transferred to the Midland/Odessa Division ("Midland Division"), also located in the Western District of Texas. *Id.* at 1. On October 15, 2021, Plaintiff filed a response to the Motion to Transfer, arguing that Defendant's explanation for seeking transfer to the Midland Division is insufficient and only serves Defendant's own interests, as opposed to those of the Court, the public, and Plaintiff. (Doc. 9 at 2–3). Defendant filed a Reply on October 22, 2021, re-asserting the purported need to transfer the case from the Pecos Division to the Midland Division. (Doc. 12). This matter is now ripe for disposition.

## II. LEGAL STANDARD

Section 1404 of Title 28 of the United States Code provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) provides courts with discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness.'" *In re Rolls Royce Corp.*, 775 F.3d 671, 678 (5th Cir. 2014) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Thus, district courts enjoy "'broad discretion in deciding whether to order a transfer.'" *TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp.

2

3d 444, 458 (N.D. Tex. 2017) (quoting *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 311 (5th Cir. 2008)).

However, "while a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *Keifer v. Paschall Truck Lines, Inc.*, No. 2:15-CV-123, 2015 U.S. Dist. LEXIS 53830, at *2, 2015 1888263, at *1 (quoting *Volkswagen II*, 545 F.3d at 313). "The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed,' or whether all parties have consented to a particular jurisdiction." *Provitas, LLC v. Quality Ingredients Corp.*, No. 4:21-CV-00196, 2021 U.S. Dist. LEXIS 238766, at *25–*26, 2021 WL 5907790, at *8 (E.D. Tex. Dec. 14, 2021) (quoting *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004)). If the threshold inquiry is satisfied, the court must then "consider a variety of public and private interest factors to determine whether the movant's choice of forum is 'clearly more convenient.'" *Coleman v. Trican Well Serv., L.P.*, 89 F. Supp. 3d 876, 880 (W.D. Tex. 2015) (quoting *Volkswagen I*, 371 F.3d at 203).

Several such factors are relevant to determining whether a court should grant a motion to change or transfer venue. *In re Archer Directional Drilling Servs., L.L.C.*, 630 F. App'x 327, 328 (5th Cir. 2016). Specifically,

> [t]he private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."
>
> * * *
>
> The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Volkswagen II*, 545 F.3d at 315 (alteration in original) (internal citations omitted). The factors are merely "illustrative, not exhaustive." *Rolls Royce*, 775 F.3d at 678 n.30. No single factor "can be said

to be of dispositive weight." *White Hat v. Landry*, 475 F. Supp. 3d 532, 553 (M.D. La. 2020) (quoting *Volkswagen II*, 545 F.3d at 315).

### III. DISCUSSION

Defendant argues that transfer to the Midland Division would be more convenient. Primarily, Defendant claims that venue in the Pecos Division, while proper, would increase such costs to the Parties as those relating to travel and witness assembly. (Doc. 6). A transfer to the Midland Division would alleviate much of these expenses and purportedly promote promoting judicial efficiency. *Id.* at 3–5. Many of the other private and public factors which Defendant as the party seeking transfer possesses the burden to demonstrate weigh in its favor have been either unaddressed by Defendant or declared "neutral." *See id.* at 4–5; (Doc. 12). Plaintiff predictably opposes the proposed transfer, asserting *inter alia* that (1) his choice of venue is entitled to greater weight by writ of his status as the initiator of this case, as well as that (2) Defendant's failure to demonstrate that each of the private and public factors support transfer indicates that the balance of the factors does not meet the elevated standard for transfer. (Doc. 9 at 4, 10).[1]

A. *Viability of the Transferee Forum*

Under the § 1404(a) framework, the Court must first determine whether the instant suit could have initially been brought in the Midland Division. Title VII incorporates a special venue provision, which allows actions brought under the statute to persist

> in any judicial *district* in the State in which the unlawful employment practice is alleged to have been committed, in the judicial *district* in which the employment records relevant to such practice are maintained and administered, or in the judicial *district* in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

---

1. The Parties have not consented to either the Pecos Division or the Midland Division. This should be manifestly undeniable given the Parties' positioning regarding the Motion to Transfer. Therefore, the analysis will continue utilizing the viability of the current venue test.

42 U.S.C. § 2000e-5(f)(3) (emphasis added). The Complaint states as one of the three causes of action a claim for discrimination on the basis of his national origin under Title VII. (Doc. 1 at 5). While the Complaint itself is silent as to the specific city or region in which he was employed for the relevant position, Plaintiff's response provides additional details. (Docs. 1; 9 at 12–13). Plaintiff's response includes a declaration specifying, throughout the entirety of his employment with Defendant, he reported to work at Defendant's "Kermit Yard," located in Kermit, Texas. (Doc. 9 at 12).

Kermit, Texas, is located within the Pecos Division of the Western District of Texas. Under Title VII's venue provision, venue would therefore be proper in any judicial district in which Plaintiff as the aggrieved individual would have worked but for the alleged discrimination. 42 U.S.C. § 2000e-5(f)(3). Because the alleged discrimination purportedly affected Plaintiff's continued employment at Defendant's worksite in the Western District of Texas, venue would be proper in the Pecos Division of the Western District of Texas.[2] Furthermore, Plaintiff agrees that "he could have brought the action in the Midland-Odessa Division." (Doc. 9 at 3). Thus, the Court holds that Plaintiff could indeed have initially brought this suit in the Midland Division as well as the Pecos Divisions of the Western District of Texas, each as proper venues. Accordingly, having found that the Midland Division could have been an initial proper venue for the instigation of this suit, the Court turns its attention to the second step of the § 1404(a) analysis[3] to determine "whether Defendant has

---

2. It is inapposite that the Pecos Division is distinct from the Midland Division, for Title VII's venue statute concerns only *districts*, as opposed to divisions. 42 U.S.C. § 2000e-5(f)(3); *see also Boone v. Gibson*, No. 3:07-CV-744-L, 2008 U.S. Dist. LEXIS 88887, at *10, 2008 WL 4791541, at *3 (N.D. Tex. Oct. 31, 2008). Both the Pecos and Midland Divisions are located in the Western District of Texas; therefore, if venue for this action is proper in the Midland Division, venue by logical extension is also proper in the Pecos Division. (*Accord* Doc. 6 at 2).
3. The United States Court of Appeals for the Fifth Circuit has recognized that 28 U.S.C. § 1404 and its transfer provisions are applicable to Title VII's special venue provision. *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.4 (5th Cir. 2013) *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003)); *see also Nkumba v. GM Fin.*, No. 3:20-cv-3716-S-BN, 2020 U.S. Dist. LEXIS 243431, at *7, 2020 WL 7711831, at *3 (N.D. Tex. Dec. 29, 2020). Even though the special venue provision from Title VII only relates, of course, to Plaintiff's Title VII discrimination claim, the Age Discrimination in Employment Act and the Texas Labor Code causes of action lack such idiosyncratic provision. *See* 29 U.S.C. § 630 *et seq.*; Tex. Lab. Code Ann. ch. 21 (West 2009). Thus, the general federal statute of 28 U.S.C. § 1391 and the related transfer statute of 28 U.S.C. § 1404 apply to those claims

carried its burden to show that the Midland Division is a more convenient forum." *See Coleman v. Trican Well Serv., L.P.*, 89 F. Supp. 3d 876, 880 (W.D. Tex. 2015).

B. *Private Factors*

    a. *Ease of Access*

The private factors overall weigh in favor of denying the Motion to Transfer. The first private factor concerns the Parties' relative ease of access to sources of proof. Defendant does not expressly address the issue in its Motion to Transfer, only remarking that the factor as unaddressed is "neutral." (Doc. 6 at 2). Plaintiff takes it upon himself to address the factor, maintaining that if the factor "weigh[s] in favor in transfer, its importance is slight." (Doc. 9 at 5). Plaintiff references an ostensible claim by Defendant that "all personnel records files and records are physically kept in Midland County and Harris County," the county in which Houston, Texas, is located. *Id.* at 4. However, the Court notes that Defendant's present Motion to Transfer includes no such mention, and only provides an accompanying exhibit claiming that "Plaintiff's personnel and safety records are kept . . . in [Defendant's] Houston offices."[4] (Doc. 6-1 at 1). Defendant merely responds by characterizing Plaintiff's statements as Plaintiff "conced[ing that] the first private factor . . . favors transfer to the Midland-Odessa Division." (Doc. 12 at 1).

At this juncture, even if Defendant's records concerning Plaintiff are retained exclusively in Harris County, Defendant did not indicate that the transportation of the records would present an insurmountable obstacle. This flaw is fatal to Defendant's argument on this factor. *See Cmty. Trust Bancorp, Inc. v. Cmty. Trust Fin. Corp.*, No. 3:13-CV-0084-G, 2013 U.S. Dist. LEXIS 88004, at \*9,

---

as well. *Murungi v. Touro Infirmary*, No. 6:11-cv-0411, 2011 U.S. Dist. LEXIS 82275, at \*11–\*12, 2011 WL 3206859, at \*3 (W.D. La. June 29, 2011).

4. Plaintiff mentions elsewhere in his response to the Motion to Transfer that Defendant was involved in a prior case with this Court, wherein Defendant moved to transfer the case from the Pecos Division to the Midland Division. (Doc. 9 at 9). Likely to Plaintiff's chagrin, Plaintiff references the seemingly corresponding document number and paragraph from the prior case in his instant response. (Doc. 9 at 4). Because Defendant has failed to meet its own initial burden, however, Plaintiff's blunder is rendered negligible.

2013 WL 3179506, at *3 (N.D. Tex. June 24, 2013) ("In order for 'ease of access' to weigh in favor of the defendants . . . they must show that the volume of the evidence is so large as to be inconvenient, expensive, or that the production of evidence would be otherwise 'unduly burdensome.'" (citations omitted)). The Court finds Defendant's lackluster explanation severely lacking, and Defendant accordingly has failed to show that information or evidence pertaining to Plaintiff's case would be easier to access in the Midland Division. Thus, this factor stands neutral.

      b.  *Availability of Compulsory Process*

As to the second factor, the availability of the Court's compulsory process to secure the attendance of proposed witnesses, Defendant argues that "[t]he absolute subpoena power of [both] the Pecos Division nor the Midland-Odessa Division does not extend to cover all of the witnesses." (Doc. 6 at 3). Defendant then lists a number of witnesses and their purported places of residency throughout Texas. *Id.* Plaintiff responds, suggesting that Defendant only identified as potential witnesses its own employees, thereby classifying them as Defendant's agents instead of "non-party witnesses." (Doc. 9 at 5). Plaintiff follows this with an explication of "at least eight coworkers and/or comparators" whom he identifies as possible witnesses. *Id.* Defendant counters, noting that some of its proposed witnesses are no longer employed by Defendant, leaving them outside of Defendant's "control." (Doc. 12 at 1–2).

As a preliminary matter, this factor is intended to be focused on "witnesses for whom compulsory process to attend trial might be necessary," and includes those witnesses who might be expected to be "friendly and cooperative" to the summoning party. *Casey v. Reliance Trust Co.*, No. 4:18-CV-00424, 2018 U.S. Dist. LEXIS 219439, at *8–*10, *13, 2018 WL 7138386, at *4 (E.D. Tex. Dec. 12, 2018). Yet, "[w]hen no party has alleged or shown any witness's unwillingness, a court should not attach much weight" to this factor. *QES Pressure Control LLC v. Zurich Am. Ins. Co.*, No. 4:20-CV-50-DC-DF, 2020 U.S. Dist. LEXIS 220839, at *12–*13, 2020 WL 6821335, at *5 (W.D. Tex. Aug. 21, 2020). The compulsory process, i.e. the subpoena power, allows a court to compel a

7

witness to attend litigation proceedings "within 100 miles of where the person resides, is employed, or regularly conducts business in person." FED. R. CIV. P. 45(c)(1)(A). Additionally, the subpoena power covers the entirety of those living within the state in which the proceeding is brought if the witness is a non-party witness and "would not incur substantial expense" in attending. FED. R. CIV. P. 45(c)(1)(B)(ii). Thus, the Court's subpoena power indeed does extend beyond the typical 100-mile radius to *non-party* resident witnesses beyond this distance if the witnesses would not incur substantial expense. FED. R. CIV. P. 45(c)(1)(B)(ii); *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 U.S. Dist. LEXIS 146375, at *23–*24, 2018 WL 4026760, at *7 (E.D. Tex. Aug. 14, 2018).

Here, the Court finds that this factor weighs against transfer. Defendant lists a number of witnesses, most of whom have a current employment association with Defendant, and who therefore can be considered party witnesses. (Docs. 6 at 3; 6-1 at 1–2); *see Mylan Institutional LLC v. Aurobindo Pharma LTD*, No. 2;16-CV-00491-RWS-RSP, 2016 U.S. Dist. LEXIS 195592, at *12–*13, 2016 WL 9245112, at *4 (E.D. Tex. Nov. 14, 2016) ("Employees of a party or witnesses that a party otherwise controls are often entitled to little weight in a transfer analysis because compulsory process is not necessary to ensure that these witnesses attend trial."). The two individuals Defendant highlights as no longer being under Defendant's employ, former Pecos District Manager Lee Oliver and former Director with Defendant Pierce Broach, could be considered non-party witnesses, thereby invoking the 100-mile provision of the subpoena power. *Mylan Institutional*, 2016 U.S. Dist. LEXIS 195592, at *12–*13, 2016 WL 9245112, at *4 (finding an individual no longer employed by a party to be a "non-party witness"). Assuming *arguendo* that Defendant's claim reflects reality, it would be true that Clyde, Texas, and Natural Bridge Caverns, Texas, are over 100 miles away from the Pecos courthouse. (Doc. 12 at 2). However, neither Defendant's motion nor its response mention whether any of these or other prospective witnesses might be unwilling to voluntarily attend a deposition

absent the invocation of the Court's subpoena power. (Docs. 6, 12). Thus, the Court should ascribe little weight to this factor in favor of transfer.

It is of further detriment to transfer that several of Defendant's proposed witnesses reside in such locales as Midland, Texas, and Odessa, Texas, both of which are within 100 miles of the Pecos courthouse. (Doc. 6-1 at 2). Other of Defendant's witnesses are outside of the *Midland* courthouse's subpoena power; thus, regardless of whether this case proceeds from the Pecos Division or the Midland Division, Defendant may have to subpoena witnesses from outside the 100-mile radius. (Doc. 6-1 at 2 (Natural Bridge Caverns, Texas, being over 300 miles away from Midland)). Defendant has not implied in any way that even one of its witnesses may refuse to appear for proceedings in this case without the intervention of the Court's master hand. Even if this were not enough to augur against transfer, the Court has subpoena power over all of these individuals despite their residency over 100 miles away from Pecos. FED. R. CIV. P. 45(c)(1)(B)(ii). Defendant has furthermore not established that any of these witnesses would incur "substantial expense" if compelled to make the intrastate round-trip to Pecos from Clyde or Natural Bridge Caverns, and therefore, the Court presumably possesses subpoena power over any such unwilling witnesses. *See Weatherford Tech. Holdings v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 U.S. Dist. LEXIS 231592, at *16, 2018 WL 4620636, at *4–*5 (E.D. Tex. May 22, 2018). Therefore, this factor weighs against transfer.

      c. *Cost & Convenience of Attendance*

Regarding the cost of attendance and convenience of willing witnesses, the Court finds that this factor is neutral. The most important aspect of this part of the analysis is that § 1404(a) provides for the transfer of the case to a "*more* convenient forum, not a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964) (emphasis added). The movant in its motion "must specifically identify key witnesses and outline the substance of their testimony." *RLI Ins. Co. v. Caliente Oil, Inc.*, No. MO:17-CV-00183-DC, 2018 U.S. Dist. LEXIS

242414, at *18, 2018 WL 11272846, at *7 (W.D. Tex. Aug. 21, 2018). Defendant here claims that the decision to terminate Plaintiff was made outside of the Pecos Division, and specifically in Midland. (Doc. 6 at 3). By Defendant's measure, "the vast majority" of Defendant's identified witnesses "live or work within the Midland-Odessa Division." *Id.* This list of individuals includes the "immediate supervisors of Plaintiff" who "collectively made the [termination] decision," and encompasses individuals from the Texas locales of Midland, Odessa, San Angelo, Clyde, and Natural Bridge Caverns. *Id.* As a result, Defendant generally asserts that those witnesses not under Defendant's control would find it cheaper to travel to the Midland Division, and requiring those under Defendant's control to travel to Pecos for a "multi-day trial would be at a *minimum*, inconvenient for the witnesses and unnecessarily increase costs." *Id.* at 3–4 (noting the availability of a commercial airport in Midland) (emphasis in original). Plaintiff's counter is that his family, coworkers, and immediate supervisors all reside in the Pecos Division, thus making it more convenient for them to attend proceedings in Pecos. (Doc. 9 at 6). Plaintiff further maintains that Defendant has failed to demonstrate that any increased cost for a trial in the Pecos Division would constitute good cause. *Id.*

In this instance, the Court holds that the difference in costs to Defendant's witnesses for participating in the Midland Division are too insignificant to warrant a transfer and thereby increase costs for Plaintiff. Specifically, given the 100-mile distance between the Pecos and Midland courthouses, "[t]ransferring to the [Midland Division] would simply 'swap' the inconveniencies to both parties that currently exist" in the Pecos Division, "as all party witnesses would have to incur costs in either district." *See De La Rosa v. Gardner Global Logistics, Inc.*, No. 3:21-CV-341-K, 2021 U.S. Dist. LEXIS 165535, at *13, 2021 WL 3912801, at *4 (N.D. Tex. Sept. 1, 2021).

Some augmented financial hardship for the witnesses indubitably would occur regardless of the Court's disposition of the Motion to Transfer. The venue statute does not contemplate allowing for transfer based upon a zero-sum measure; rather, it must be clear to the Court that a transfer would

10

be more convenient for the Parties' witnesses. Defendant here lists five individuals who might be benefited by a transfer to the Midland Division, while Plaintiff lists at least eight who would be inconvenienced by a transfer to the Midland Division.[5] (Docs. 6 at 3; 9-1 at 2). However, because Defendant notes that only two of its witnesses are no longer subject to Defendant's control, this tally becomes a two-to-eight ratio.[6] (Doc. 12 at 2); *RLI Ins.*, 2018 U.S. Dist. LEXIS 242414, at *18, 2018 WL 11272846, at *7 (observing that the convenience of party witnesses "is entitled to less weight because the party is able to compel their attendance"). Thus, this factor remains neutral.

    d.  *Other Practical Problems*

The Court turns to the last factor concerning other practical problems. While Defendant does not expressly address this factor in its Motion to Transfer, Defendant in its Reply concedes that it is "neutral." (Doc. 12 at 3). Plaintiff does not argue that any such problem might weigh against transfer, but does claim that the factor left unheeded by Defendant may indicate that the factor does weigh against transfer. (Doc. 8 at 9). This is untrue—neither party has specified how any increased costs will outweigh the other party's strife. Defendant, being the party bearing the burden of persuasion, has therefore fallen short of its goal here. The Parties' failure to argue in either direction for this factor results in the factor maintaining the default neutral status. *See Scivation, Inc. v. Xtend5, LLC*, No. 1:20-CV-00986-RP, 2021 U.S. Dist. LEXIS 101259, at *5, 2021 WL 2177254, at *2 (W.D. Tex. May 28, 2021). Accordingly, this factor is in equipoise. *See Coleman v. Trican Well Serv., L.P.*, 89 F. Supp. 3d 876, 884 (W.D. Tex. 2015).

---

5. Plaintiff lists as a witness one individual from Seminole, Texas. (Doc. 9-1 at 2). The Court takes judicial notice of the fact that Seminole, Texas, appears to be markedly closer in proximity to Midland, Texas, than Pecos, Texas, and accordingly is not counted in its tally.
6. Although Defendant objects to Plaintiff's witnesses as lacking the "substance of their proposed testimony," Defendant itself did not provide any details to the substance of each of its own proposed witness's testimony other than that "they . . . collectively made the decision to terminate Plaintiff." (Docs. 6 at 3; 12 at 2). Defendant supplies no details as to who proposed the idea of termination, who may have been his attending supervisor at the Kermit Yard, or otherwise. Thus, Defendant's argument if valid as to Plaintiff encapsulates itself in a pleading quagmire from which Defendant finds escape onerous. *Accord Highpoint Risk Servs. LLC v. Companion Prop. & Cas. Ins. Co.*, No. 3:14-CV-3398-L(BH), 2015 U.S. Dist. LEXIS 129114, at *23, 2015 WL 5613336, at *8 (N.D. Tex. Aug. 25, 2015). In such a circumstance, the factor would nevertheless stay neutral.

With one private factor weighing against transfer and the remaining factors being neutral, on balance, the private factors do not support granting the Motion to Transfer.

C. *Public Factors*

   a. *Administrative Difficulties*

Likewise with the private factors, the public factors considered support retaining the current venue for this case. Looking to the first public interest factor concerning administrative difficulties resulting from court congestion, Defendant posits that an allegedly higher total case filing count in the Pecos Division relative to the Midland Division invites transfer to the latter division. (Doc. 6 at 4–5). As Plaintiff duly and correctly explains, the Court is indeed in the best position to evaluate the congestion of the dockets. (Doc. 9 at 8). In doing so, the Court concludes that this factor indeed weighs slightly against transfer. The same United States District Judge, the Honorable David Counts, presides over the dockets in both the Pecos and Midland Divisions. Thus, even if the Magistrate Judges between the divisions would differ, the District Judge would be ultimately responsible for the disposition of the divisions' civil litigation. Furthermore, though it is well known that "[a]ll federal courts are generally busy," in this instance, the transfer suggested here would be from one division presided over by the Honorable David Counts, to another. *QES Pressure Control LLC v. Zurich Am. Ins. Co.*, No. 4:20-CV-50-DC-DF, 2020 U.S. Dist. LEXIS 220839, at *16, 2020 WL 6821335, at *6 (W.D. Tex. Aug. 21, 2020). The Parties do present any evidence that disposition of cases in the Midland Division under the supervision of a singular District Judge would be more expeditious than that within the Pecos Division. Therefore, the Court holds that this factor weighs slightly against transfer.

   b. *Local Interest*

Considering the second public interest factor—the local interest in the location of the dispute's resolution—the Court also finds that this factor is neutral. Defendant argues that, because Defendant's business is based in Midland County and since Midland is also the location where the

"decision to terminate Plaintiff partly took place," Midland County residents have an interest in the resolution of this dispute. (Doc. 6 at 5). Defendant further asserts that "the residents of the Midland-Odessa [area] would welcome an opportunity to ensure that discrimination does not occur within their midst." (Doc. 12 at 4). In this instance, the Court finds that there is no overwhelming influence posed by the Parties' arguments. Defendant claims the allegedly discriminatory decision took place in Midland, Texas, as well as Houston, Texas; Plaintiff does not dispute this. (Docs. 6-1 at 1; 9). This alone would appear to ring the bell for Defendant; however, Plaintiff's Pecos Division residency and employment neutralizes any such positive effect. While the citizens in the Midland Division have an interest in ensuring their businesses do not discriminate against their employees on prohibited grounds, simultaneously the citizens of the Pecos Division possess a contradistinctive interest in preventing discrimination against their residents by Midland- or Houston-based businesses, as well as pursuing offending businesses in their own region. *See EEOC v. Faurecia Auto. Seating, LLC*, No. 4:16-CV-199-DMB-JMV, 2017 U.S. Dist. LEXIS 151913, at *19 (N.D. Miss. Sept. 19, 2017) (affording weight in part to the local interests of those in the region where the "charging parties reside"). Accordingly, this factor remains neutral.

  c. *Familiarity of the Forum*

The third public interest factor, familiarity of this forum with the governing law, weighs against transfer. Defendant concedes that this factor is neutral because a singular United States District Judge, the Honorable David Counts, will preside over the case regardless of whether the case proceeds in the Pecos Division or the Midland Division. (Doc. 12 at 4). Plaintiff responds by suggesting that this factor weighs against transfer "because the Court is familiar with [the] Texas and federal law[s] that will govern this case." (Doc. 9 at 9). Here, the Court will be equally capable of applying the applicable law in this case, no matter in which specific division's docket this case resides. *See QES Pressure*, 2020 U.S. Dist. LEXIS 220839, at *17–*18, 2020 WL 6821335, at *7.

This circumstance is a part of the sui generis of the Pecos and Midland Divisions, and therefore uniquely weighs against transfer.

    d. *Conflict of Laws or Foreign Law*

Lastly, the Court turns to the fourth factor concerning conflict of laws and the application of foreign law. Defendant again concedes that this factor is neutral, with Plaintiff arguing that this factor weighs against transfer. (Docs. 12 at 4; 9 at 9). There are no conflict of laws or foreign law issues in this case. Therefore, this factor is neutral. *See Barton v. C. R. Bard, Inc.*, No. 2:19-CV-181-Z, 2020 U.S. Dist. LEXIS 62834, at *17, 2020 WL 1809702, at *6 (N.D. Tex. Apr. 9, 2020) (referencing an "intra-district transfer").

The public factors are split between being either neutral or against transfer. Even if all factors were neutral, because there is a general "deference given to a plaintiff's initial choice [of venue]," Plaintiff would have the upper edge. *See Volkswagen II*, 545 F.3d 304, 308 n.2 (5th Cir. 2008).[7] Therefore, the Court finds that Defendant has failed to meet its burden of demonstrating that transfer of this case to the Midland Division of the Western District of Texas, on balance, serves the interests of justice, the Court, and that of the Parties. Accordingly, the Court **DENIES** Defendant's Motion to Transfer. (Doc. 6).

---

7. The Fifth Circuit has expressly refused to announce a standard governing "intra-district transfers," such as the one proposed here. *See In re Radmax, Ltd.*, 720 F.3 285, 289 (5th Cir. 2013). Were no deference given to Plaintiff's initial choice of venue, Defendant will still have failed to demonstrate that a transfer to the Midland Division is clearly more convenient than proceeding in the Pecos Division.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer shall be **DENIED**. (Doc. 6).

It is so **ORDERED**.

SIGNED this 28th day of February, 2022.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE