IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **CAMILO RAMIREZ,**<br>        *Plaintiff*,<br><br>v.<br><br>**PLAINS ALL AMERICAN GP, LLC**<br>        *Defendant.* | P:21-CV-00070-DC |

## ORDER

BEFORE THE COURT is Defendants' Motion for Summary Judgment (Doc. 24). After considering the motion and relevant pleadings, the Court holds that Defendant's motion for summary judgment should be **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff Camilo Ramirez was employed as a truck driver by Defendant Plains All American GP, LLC off and on for over 20 years. In August 2020, Plaintiff drove one of Defendant's trucks for over nine minutes with the parking brake fully engaged. Because Plaintiff drove for so long with the parking brake engaged, the truck's tires were destroyed. That incident, plus other company policy violations like improper gauging and poor attitude, allegedly caused Defendant to fire Plaintiff.

Plaintiff, a Hispanic man, was 64 years old when his employment was terminated. In August 2021, Plaintiff sued Defendant in August 2021, alleging three claims: (1) age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), (2) age discrimination in violation of Chapter 21 of the Texas Labor Code, and (3) national origin discrimination or discrimination based on two or more protected traits in violation of

Title VII of the Civil Rights Act of 1964. In November 2022, Defendant moved for summary judgment on all of Plaintiff's claims.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.[1] Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2] Substantive law identifies which facts are material.[3] The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment."[4]

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that establish the absence of a genuine issue of material fact.[5] While the nonmovant bears the burden of proof, the movant may discharge the burden by showing that no evidence supports the nonmovant's case.[6] Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[2] *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).
[3] *Id.*
[4] *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).
[5] Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323.
[6] *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

trial."[7] A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment.[8] Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment.[9] The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence."[10]

## DISCUSSION

### I. Defendant's objection to Plaintiff's response.

Before reaching the merits, the Court first examines Defendant's objections to evidence that Plaintiff used in his response to Defendant's summary judgment motion. Defendant objected that Plaintiff's response identified "comparator" employees not disclosed in response to Defendant's interrogatories.[11] After Defendant's objection, Plaintiff updated his responses to Defendant's interrogatories.

Rule 37 of the Federal Rules of Civil Procedure states that a party is not allowed to use information that it failed to disclose or supplement under Rule 26(e) as evidence on a motion unless that failure was "substantially justified or is harmless." Here, Defendant did not identify how it was harmed by Plaintiff's lack of disclosure. And because Plaintiff has since supplemented his answers, the Court finds Plaintiff's failure to supplement was harmless.

---

[7] *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49).
[8] *Anderson*, 477 U.S. at 257.
[9] *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)).
[10] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).
[11] Doc. 27 at 1.

## II. Plaintiff's age discrimination claims under the ADEA and the Texas Labor Code.

Defendant moved for summary judgment on Plaintiff's age discrimination claims under the ADEA and the Texas Labor Code. After a careful review of the record and the arguments presented, the Court is not convinced that Defendant has met its burden of establishing that there is no genuine issue of material fact on Plaintiff's age discrimination claims. As a result, Defendant's motion on these claims should be denied.

## III. Plaintiff's national origin discrimination claims under Title VII.

Defendant also moved for summary judgment on Plaintiff's national origin discrimination claims under Title VII. Under the Supreme Court's burden-shifting framework in *McDonnell Douglas*, Plaintiff must first establish a prima facia case of discrimination.[12] To establish a prima facia case, Plaintiff must show that (1) he is a member of a protected class; (2) was qualified for the position sought; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of Plaintiff's protected class or was treated less favorably than other similarly situated employees outside of Plaintiff's class.[13]

Yet the only evidence Plaintiff provided to support his discrimination claim was his own statement that there was a "double standard" for white employees.[14] The Fifth Circuit

---

[12] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).
[13] *Haire v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013)
[14] Doc. 26 at 20.

has long held that self-serving depositions or statements cannot create a fact issue.[15] Thus, Plaintiff did not establish a prima facia case of discrimination based on national origin, and Defendant's summary judgment on Plaintiff's Title VII claim should be granted.

## CONCLUSION

It is therefore **ORDERED** Defendants' Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part (Doc. 24).

It is so **ORDERED**.

SIGNED this 18th day of January, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[15] *E.g.*, *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 293–94 (5th Cir. 2004) (holding that a nonmovant's "conclus[ory]," "vague, self-serving statements" could not preclude summary judgment); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (holding that a nonmovant's "conclusory, self-serving statement" could not preclude summary judgment); *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment.");